UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPH RENE MEZA, | ) | Case No. CV 20-2343-MCS (SP) |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |
| MARTINEZ, Warden, | ) | |
| Respondent. | ) | |

## I.

## **INTRODUCTION**

On March 11, 2020, petitioner Joseph Rene Meza filed a Petition for a Writ of Habeas Corpus ("Petition") in this Court pursuant to 28 U.S.C. § 2241. Petitioner is incarcerated at the United States Penitentiary in Victorville, California, where he is serving a 55-year sentence imposed by the United States District Court for the Northern District of Texas in 2001 following his convictions for bank robbery (18 U.S.C. § 2113(a)) and possession of a firearm in furtherance of the crime (18 U.S.C. § 924(c)).

Petitioner contests the legality of his detention by arguing that, due to

1

changes in the law, § 924(c) is unconstitutionally vague and he would only be facing a 15-year sentence today, and therefore his sentence should be reduced. On March 30, 2020, this Court issued an Order directing petitioner to show cause why the Petition should not be recharacterized as a 28 U.S.C. § 2255 motion and dismissed as filed in the wrong jurisdiction, as an improper successive § 2255 motion, and as time-barred ("OSC").

On April 29, 2020, petitioner responded to the OSC ("Response"). In his Response, petitioner argues this Court has jurisdiction to consider the Petition under § 2241 pursuant to § 2255's savings clause. *See* 28 U.S.C. § 2255(e). In the alternative, petitioner argues the Petition should be recharacterized as one under 18 U.S.C. § 3582, he should be given 30 days to amend the Petition, or the Petition should be dismissed without prejudice.

For the reasons that follow, this Court lacks jurisdiction to entertain the Petition, and transfer to another court would not be in the interest of justice because the Petition is impermissibly successive and time-barred. Consequently, the Court summarily dismisses the Petition with prejudice.

## II.

## **PROCEDURAL HISTORY**[1]

On October 17, 2000, petitioner pleaded guilty to three counts of bank robbery (18 U.S.C. § 2113(a)) and proceeded to trial on his charges for unlawful use of a firearm in connection with a crime of violence (18 U.S.C. § 924(c)) in case number 4:00-CR-121 in the United States District Court for the Northern District of Texas. Petitioner was found guilty of three § 924(c) counts. On

---

[1] The Court adopts and sets forth below the procedural history recounted by the United States District Court for the Northern District of Texas in case number 4:13-CV-831, docket no. 4, and as reflected on the dockets of case numbers 4:00-CR-121, 4:03-CV-189, and 4:16-CV-688 (N.D. Tex.), and 01-10310 (5th Cir.).

February 9, 2001, petitioner was sentenced to an aggregate term of 768 months in prison. Petitioner appealed the judgment, and the Fifth Circuit Court of Appeals affirmed it on December 19, 2001.

Petitioner filed his first motion collaterally attacking his convictions and sentence under 28 U.S.C. § 2255 on March 17, 2003, in the Northern District of Texas. That motion was denied on April 29, 2003.

On September 30, 2013, petitioner filed a second § 2255 motion in the Northern District of Texas, which was denied on October 15, 2013. Petitioner then filed a motion for reconsideration on November 18, 2013, which was denied on December 2, 2013.

On July 18, 2016, petitioner filed a third § 2255 motion in the Northern District of Texas. It too was denied, on July 20, 2016.

Nearly four years later, on March 11, 2020, petitioner filed the instant § 2241 Petition in this Court. On March 30, 2020, the Court issued an OSC directing petitioner to show cause why the Petition should not be recharacterized as a § 2255 motion and dismissed for lack of jurisdiction, as improperly successive, and as time-barred. On April 29, 2020, petitioner filed his Response to the OSC.

### III.
### DISCUSSION

Section 2255 allows a federal prisoner claiming that his sentence was imposed "in violation of the Constitution or laws of the United States" to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Petitioner here contests the legality of his detention by arguing 18 U.S.C. § 924(c) is unconstitutionally vague as set forth in *U.S. v. Davis*, 588 U.S. __, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019), *Johnson v. U.S.*, 576 U.S. 591, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), and *Sessions v. Dimaya*,

584 U.S. __, 138 S. Ct. 1204, 200 L. Ed. 2d 549 (2018).  Pet. at 3, 6; Response at 3.[2]  Petitioner contends he would only have been sentenced to 15 years today and his sentence should be reduced.  Pet. at 3; Response at 6.  But petitioner raises this challenge to his sentence not in a § 2255 motion filed in the district of conviction, but rather in a habeas petition filed under 28 U.S.C. § 2241 in the district of his current incarceration.

In his Response to the Court's OSC, petitioner primarily argues that this Court may exercise jurisdiction over the Petition under § 2255(e), but in the alternative, petitioner requests that his Petition be recharacterized as a request for resentencing under 18 U.S.C. § 3582 if the Court is not inclined to grant habeas relief.  A motion for reduction of a sentence is "beyond the scope of a habeas petition."  *Garcia v. U.S.*, 2012 WL 3217707, at *3 (C.D. Cal. Aug. 3, 2012) (citation omitted).  Furthermore, even if the Court recharacterized the instant Petition, petitioner has provided no explanation of why his sentence warrants modification under § 3582.  *See* 18 U.S.C. § 3582(c) (listing limited circumstances in which a court may modify a sentence).  Accordingly, since there is no basis for the Court to recharacterize the Petition as brought under § 3582, the Court turns to its jurisdiction over the Petition as filed, and whether it should be recharacterized as a § 2255 motion.

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."  *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam); *see Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner

---

[2]  Citations to pages in the Petition and Response refer to those designated by CM/ECF.

4

may test the legality of detention."). A prisoner may not bring a second or successive § 2255 motion in district court without first seeking and obtaining certification from "a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h); *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). Only the sentencing court has jurisdiction over a § 2255 motion. *Hernandez*, 204 F.3d at 864; *Tripati v. Henman*, 843 F.2d 1160, 1163 (9th Cir. 1988).

The Petition here is plainly a challenge to the legality of petitioner's convictions and sentence. Thus, the relief petitioner seeks here can only be obtained by way of a § 2255 motion filed in the Northern District of Texas. As noted above, petitioner has previously filed three § 2255 motions in the Northern District of Texas, and there is no indication petitioner has received permission from the Fifth or Ninth Circuits to bring a second or successive § 2255 motion.

There is an exception – a "savings clause" or "escape hatch" – to the general rule that claims such as those petitioner raises here must be brought in a § 2255 motion. *See Harrison*, 519 F.3d at 956; *Hernandez*, 204 F.3d at 864 n.2. A federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). In his Response to the Court's March 30, 2020 OSC, petitioner contends he falls under the savings clause.

**A.     The Petition Does Not Qualify for § 2255(e)'s Savings Clause**

The exception under § 2255(e) is "narrow" and will not apply "merely because § 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003); *see also Lorentsen*, 223 F.3d at 953 (ban on unauthorized successive petitions does not per se make § 2255 "inadequate or ineffective"); *Moore v. Reno*, 185 F.3d 1054, 1055

(9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion). A petition meets the savings clause criteria of § 2255(e) "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison*, 519 F.3d at 959 (internal quotation marks and citation omitted). Petitioner here does not satisfy either of these criteria.

In his Response to the Court's March 30, 2020 OSC, petitioner contends he is actually innocent, but then states he has had an unobstructed procedural shot at presenting his claim. Response at 2. Even if petitioner meant to say the opposite – that he has *not* had an unobstructed procedural shot – petitioner still would not qualify for § 2255(e)'s savings clause.

Petitioner's claim of actual innocence goes solely to his § 924(c) convictions. Petitioner acknowledges he committed the robberies, but appears to claim innocence of his convictions for using a firearm in connection with a crime of violence, arguing robbery armed with a pellet gun cannot constitute a crime of violence and § 924(c)'s residual clause is unconstitutionally vague. *See* Pet. at 3, 6; Response at 3-4. The Court assumes petitioner is raising a claim of actual innocence and can meet the first element to qualify for § 2255(e)'s savings clause.

But petitioner cannot meet the second element. Petitioner fails to demonstrate he never had an "unobstructed procedural shot" to raise his claims on appeal or in a § 2255 motion. *See Harrison*, 519 F.3d at 960. In making this determination, the court considers "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Id.* (internal quotation marks and citation omitted).

Here, the Fifth Circuit affirmed petitioner's convictions on appeal on

6

December 19, 2001, and petitioner filed his first § 2255 motion on March 17, 2003, which was denied on April 29, 2003. *See Meza v. U.S.*, No. 4:13-CV-00831 (N.D. Tex.), docket no. 4 at 2. In the Petition and Response, petitioner cites to three cases decided after his first § 2255 motion was filed on March 17, 2003: *Davis*, 139 S. Ct. at 2319, *Johnson*, 576 U.S. at 591, and *Dimaya*, 138 S. Ct. at 1204. Pet. at 3, 6; Response at 3.

These United States Supreme Court cases addressed whether clauses in criminal statutes that rely on a categorical approach to define terms such as "crime of violence" or "violent felony" are unconstitutionally vague. Each of these cases addressed a different clause, with *Johnson* addressing 18 U.S.C. § 924(e)(2)(B)(ii), *Dimaya* 18 U.S.C. § 16; and *Davis* 18 U.S.C. § 924(c)(3). In all three cases, the clauses at issue used the "categorical approach," which requires judges to estimate the degree of risk that an imagined "ordinary case" of a crime poses to determine whether a particular offense is a "crime of violence" or "violent felony." *Johnson*, 576 U.S. at 597-602; *Dimaya*, 138 S. Ct. at 1215-16; *Davis*, 139 S. Ct. at 2336. The Supreme Court rejected this categorical approach in all three cases, holding that it rendered the residual clauses in these criminal statutes unconstitutionally vague. *Id.*

These cases are not applicable here. As petitioner argues, he was convicted of firearm charges under 18 U.S.C. § 924(c), which was the same clause at issue in *Davis*. But in *Davis*, the Supreme Court explained that § 924(c)(3) defines a crime of violence as an offense that is a felony and relies on either the elements clause of subsection (A) or the residual clause of subsection (B). The elements clause includes felonies that have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A); *see Davis*, 139 S. Ct. at 2324. The residual clause includes a felony that "by its nature, involves a substantial risk that physical force against the

person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B); *see Davis*, 139 S. Ct. at 2324.

The limited question presented to the Supreme Court in *Davis* was whether the residual clause of § 924(c)(3)(B) is unconstitutionally vague. Whether the elements clause of § 924(c)(3)(A) is similarly unconstitutional was not at issue. Indeed, before the case was heard by the Supreme Court, the Fifth Circuit held that the *Davis* defendants' convictions on one of their two § 924(c) counts, which charged robbery as the predicate crime of violence, could be sustained under the elements clause. *Id.* at 2325. Accordingly, the holding in *Davis* only invalidated the residual clause of § 924(c) and did not extend to the entirety of § 924(c).

To the extent petitioner argues his robberies were not crimes of violence under the elements clause of § 924(c)(3)(A), this argument is not supported by the caselaw or statutes. As discussed above, the Supreme Court in *Davis* did not address the question of whether a robbery qualifies as a predicate offense under the elements clause of § 924(c). But courts of appeals in other circuits have held that a bank robbery under 18 U.S.C. § 2113(a) – whether armed or not – is a crime of violence because it includes as an element the use, attempted use, or threat of force. *See, e.g., In re Price*, 964 F.3d 1045, 1049 (11th Cir. 2020) ("Bank robbery is a crime of violence under § 924(c)'s elements clause.") (citing *In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016) (holding bank robbery, and not just armed bank robbery, involves use or threatened use of force and therefore is a crime of violence under § 924(c)(3)(A)'s elements clause)); *U.S. v. Pervis*, 937 F.3d 546, 552 (5th Cir. 2019) (Bank robbery under "§2113(a) is a crime of violence under 18 U.S.C. § 924(c)(3)(A)"). Similarly, in a case of armed bank robbery, the Ninth Circuit's reasoning in finding the robbery to be a crime of violence under § 924(c)'s elements clause looked only at the elements required for a bank robbery conviction, not an armed bank robbery conviction. *U.S. v. Wright*, 215 F.3d 1020,

8

1028 (9th Cir. 2000); *accord U.S. v. Pritchard*, 692 Fed. Appx. 349, 351-52 (9th Cir. 2017). Accordingly, petitioner's argument that the bank robberies he committed were not crimes of violence because he carried a pellet gun necessarily fails since a bank robbery without any gun at all qualifies as a crime of violence under § 924(c)'s elements clause. Indeed, petitioner's arguments are similar to those he has previously made to the United States District Court for the Northern District of Texas, which that court rejected. *See Meza v. U.S.*, No. 4:16-CV-688 (N.D. Tex.), docket no. 4 at 3 (finding "the bank robberies for which [petitioner] was convicted, clearly were crimes of violence within the meaning of 18 U.S.C. § 924(c)(1)(A). . .").

As such, the cases petitioner cites do not present any change in the pertinent law for purposes of the Court's determination of whether petitioner had an "unobstructed procedural shot" to raise his claims on appeal or in a § 2255 motion. *See Harrison*, 519 F.3d at 960. There has been no change in relevant law since petitioner filed his first § 2255 motion. Petitioner has failed to show he lacked an unobstructed procedural shot to raise his claims previously on appeal or in a § 2255 motion filed in the sentencing court, and therefore petitioner does not qualify for § 2255(e)'s savings clause.

**B.     This Court Lacks Jurisdiction**

Because petitioner does not qualify for § 2255(e)'s savings clause, petitioner may not pursue his claims in a § 2241 habeas petition, but may instead pursue his claims only in a § 2255 motion. *See* 28 U.S.C. § 2255(e). This raises the question of whether this Court should recharacterize the Petition as a § 2255 motion. There are restrictions on the Court doing so. *See U.S. v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000). But because, as discussed below, dismissal of the Petition rather than recharacterization is warranted here, the Court finds there is no need for it to go through the steps required by *Seesing*.

9

If the Petition were construed as a § 2255 motion, this Court would lack jurisdiction. As previously noted, only the sentencing court has jurisdiction over a § 2255 motion. *Hernandez*, 204 F.3d at 864-65; *Tripati*, 843 F.2d at 1163; *see* 28 U.S.C. § 2255(a); *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012) ("§ 2255 motions must be filed in the district where the petitioner was sentenced"). Since petitioner is seeking to challenge a sentence imposed by the United States District Court for the Northern District of Texas, only that court has jurisdiction to entertain a § 2255 motion by petitioner.

The question then is whether the Court should dismiss the Petition for lack of jurisdiction or transfer it to the Northern District of Texas.

## C. The Petition Warrants Dismissal Rather Than Transfer

The transfer of civil actions to cure jurisdictional defects is governed by 28 U.S.C. § 1631. *Hernandez*, 204 F.3d at 865 n.6. Transfer is appropriate under § 1631 if three conditions are satisfied: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. *Cruz Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001) (citing *Kolek v. Engen*, 869 F.2d 1281, 1284 (9th Cir. 1989)). Here, the first condition is met, as this Court lacks jurisdiction, but the second and third conditions are not.

At the time of filing, the sentencing court was effectively barred from exercising jurisdiction over the Petition, which challenges petitioner's conviction and sentence. A prisoner may not bring a second or successive § 2255 motion in district court without first seeking and obtaining permission to do so from "a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). As discussed, petitioner already brought several § 2255 motions, which were all denied by the United States District Court for the Northern District of Texas. There is no indication petitioner has received permission from the Fifth Circuit to bring a

second or successive § 2255 motion. The Court therefore expects the instant Petition would be denied as an impermissible successive § 2255 motion if it were transferred to the Northern District of Texas.

In addition, transfer would not be in the interest of justice. Before transferring a case to another jurisdiction, district courts may "consider the consequences of transfer." *Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999). To determine if transfer is in the interest of justice, the court undertakes a limited review of a petition in light of its likelihood of success. *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990); *Boultinghouse v. Lappin*, 816 F. Supp. 2d 107, 113 (D.D.C. 2011). Here, transfer would be futile since, in addition to being impermissibly successive, the Petition as a whole is time-barred.

There is a one-year statute of limitations to bring a § 2255 motion. 28 U.S.C. § 2255(f). The one-year limitation period runs from, as pertinent here, "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A judgment of conviction becomes final when the time expires for filing a petition for writ of certiorari contesting the appellate court ruling. *Clay v. U.S.*, 537 U.S. 522, 524-25, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003). Pursuant to 28 U.S.C. § 2101(c), petitioner had ninety days after the entry of judgment to file his petition for writ of certiorari to the Supreme Court. Since the Fifth Circuit denied petitioner's appeal and affirmed his convictions on December 19, 2001, petitioner's filing of this Petition on March 11, 2020 was well after the one-year period to bring a § 2255 motion expired.

As such, transfer to the Northern District of Texas would be futile and is not in the interest of justice. Instead, the Petition will be dismissed for lack of jurisdiction.

# IV.
# **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and this action with prejudice.

DATED: February 16, 2021

_____
HONORABLE MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

o
Presented by:

_____
SHERI PYM
United States Magistrate Judge